# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Jeffrey Lee Jones, | Civ. No. 20-497 (PAM/BRT) |
| Plaintiff, | |
| v. | |
| Hennepin County Medical Center, Mark Solfelt, Stephen Nesser, Aaron Andrew Heigaard Smith, Anne Watkins, United Hospital, Lee Michael Kamman, and Louis F. Jacques, | **REPORT AND RECOMMENDATION** |
| Defendants. | |

This action comes before the Court on Plaintiff Jeffrey Lee Jones's (1) Amended Complaint (Doc. No. 12, Amended Complaint); and (2) Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 2, IFP Application). For the following reasons, the Court recommends dismissing this action without prejudice and denying the IFP Application as moot.

## I.    BACKGROUND

Plaintiff filed the Amended Complaint on June 10, 2020, after this Court ordered him to file an amended pleading complying with the Federal Rules of Civil Procedure.[1]

---

[1]    Plaintiff filed this action's original Complaint on February 13, 2020. (*See* Doc. No. 1, Compl.) He followed this up with two filings that this Court construed as motions to amend. (*See* Doc. No. 10, 4/14/20 Order 2.) Based on those filings, the Court ordered Plaintiff to file an entirely new pleading "to get all of Jones's requested defendants and

The Amended Complaint focuses on a surgical procedure Plaintiff underwent in November 2016; Plaintiff contends that he underwent a lung surgery meant for a different Jeffrey Jones. (*See* Am. Compl. 1.)[2]

Plaintiff alleges that in July 2016, he met with Defendant Aaron Andrew Heigaard Smith—an "emergency room medical professional" at Defendant United Hospital—after experiencing "asthma and breathing issues." (*Id.* at 6 (capitalization amended)).[3] He states that Smith became "very confrontational," accusing Plaintiff of sexually assaulting Plaintiff's own daughters. *Id.* In Plaintiff's account, Smith threatened Jones in some way during this meeting. *Id.* Plaintiff alleges that at some later point, Smith "crossed" Plaintiff's medical records with those of a second Jeffrey Jones—one with lung cancer. (*Id.*)

---

allegations into one document," (*id.*); the Amended Complaint appears to be Plaintiff's response.

[2]   The Amended Complaint arguably does not comply with the Court's April 2020 Order. It appears that Plaintiff has drafted a new, three-page complaint, to which he has simply attached two earlier filings. (*See* Am. Compl. 1–15.) At this point, however, the Court concludes that ordering Plaintiff to file another amended complaint is unnecessary.

[3]   As noted above, the Amended Complaint contains materials from two other earlier pleadings, some of which have other defendants. Because the Court specifically instructed Jones to "get all of [his] requested defendants and allegations into one document," (*see* 4/14/20 Order 2), the Court construes the Amended Complaint as naming as Defendants only those individuals and entities listed on page 1. Furthermore, even if the Court construed the Amended Complaint as naming as Defendants James Leatherman and "Minnesota Oncology–St. Paul Surgeons"—entities that Plaintiff named in earlier filings (*see* Doc. No. 4)—the Court would recommend dismissing the Amended Complaint as to both. As far as the Court can tell, the Amended Complaint has no factual allegations whatsoever about Leatherman and Minnesota Oncology. The Amended Complaint is thus legally frivolous as to each of them.

In August 2016, Plaintiff met with Defendant Jacques; he had been referred to Jacques by Defendant Lee Michael Kamman, a "medical professional" at United Hospital. (*Id.*) Jacques purportedly stated that Plaintiff was a lung-cancer patient, at which point Plaintiff told Jacques that he "ha[d] the wrong Jeffrey Jones." (*Id.* at 7.) (Plaintiff states that his medical records indicated that he "showed no lung cancers" and has "no lung cancer history." (*Id.* at 2.)) Jacques disregarded this input and told Plaintiff that he wanted to remove Plaintiff's left lung. (*See id.*)

After meeting with Jacques, Plaintiff went to Defendant Hennepin County Medical Center. (*See id.*) According to Plaintiff, Defendants Mark Solfelt and Anne Watkins, HCMC medical professionals, had Plaintiff and the other Jeffrey Jones among their patients. (*See id.* at 8.) As the Court understands it, Plaintiff contends that in November 2016, Solfelt and Watkins mistakenly performed a lung surgery on Plaintiff that they should have done on the other Jones. (*See id.*) (Jones also suggests that because of the lung surgery he experienced, he later had to undergo a second surgery on his heart "because the lung surgery was botched." (*Id.* at 9.)) In a follow-up meeting later in November, Plaintiff alleges, Solfelt told Plaintiff that he (Solfelt) subjected Plaintiff to the wrong procedure because Solfelt knew that Plaintiff had allegedly abused his own daughters. (*See id.* at 6.)

Plaintiff further alleges that Defendant Stephen Nesser, a Hennepin County employee, believed that Plaintiff had abused Plaintiff's daughters, and as a result told Plaintiff that he would "cause [Plaintiff] medical injuries." (*Id.* at 2.) Plaintiff appears to allege that Nesser was involved with "falsified filings of sex crimes" by Plaintiff. (*Id.* at

3

8.) As the Court understands it, Solfelt is Nesser's brother-in-law (*see id.*), and presumably, on Plaintiff's account, Solfelt learned about the sexual-abuse allegations from Nesser.

Plaintiff asserts that Defendants violated 18 U.S.C. § 113. (*Id.* at 2, 5.) He also suggests that the surgery constituted "medical malpractice" and "criminal medical malpractice," as well as "negligence." (*Id.* at 8.) He appears to claim monetary damages. (*See id.* at 5.)

## II. ANALYSIS

### A. Screening Standards

Rather than pay this action's filing fee upfront, Plaintiff moved for permission to proceed IFP. (*See* IFP Appl.) After reviewing the IFP Application, the Court concludes that Plaintiff qualifies financially for IFP status. But an IFP application will be denied— and an action dismissed—when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 F. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service." (citing authorities)).

In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the complaint's factual allegations and draw all reasonable inferences in the plaintiff's favor. *See, e.g.*, *Aten v. Scottsdale Ins. Co.*, 511

F.3d 818, 820 (8th Cir. 2008). The complaint's factual allegations need not be detailed, but must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing a complaint's sufficiency, a court may disregard legal conclusions that are couched as factual allegations. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See, e.g.*, *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

### B.     Claims Under 18 U.S.C. § 113

Plaintiff apparently believes that this Court has jurisdiction over this action based on federal-question jurisdiction under 28 U.S.C. § 1331.[4] The only federal statute invoked by the Amended Complaint is 18 U.S.C. § 113, a federal criminal provision addressing "assaults" within the United States's "special maritime and territorial jurisdiction." For at least two reasons, Plaintiff fails to state a cause of action under § 113.

First, § 113 does not provide a private right of action. *See, e.g.*, *Baylor v. Eto*, No. 19-CV-280 (MJD/HB), 2019 WL 2718531, at *4 (D. Minn. Apr. 29, 2019) (citing *Risley v. Hawk*, 918 F. Supp. 18, 21 (D.D.C. 1996)), *report and recommendation adopted*, 2019 WL 2718380 (D. Minn. June 28, 2019). Given that private individuals generally cannot press claims under federal criminal statutes, and the decisional law

---

[4]     Diversity jurisdiction does not exist here, as Plaintiff and at least one Defendant are Minnesota citizens. (*See, e.g.*, Am. Compl. 11.)

concerning § 113 gives no reason to doubt that conclusion as to § 113, the Court concludes that Plaintiff cannot sue Defendants through that provision.

Second, even if Plaintiff could sue Defendants under § 113, he would still fail to state a claim. As noted above, § 113 applies to assaults that occur "within the special maritime and territorial jurisdiction of the United States." 18 U.S.C. § 113(a). The U.S. Code defines that phrase at 18 U.S.C. § 7, listing nine different classes of qualifying territory. *See id.* § 7(1)–(9). Nothing in the Amended Complaint suggests that any relevant conduct occurred within the United States's "special maritime and territorial jurisdiction," which means that Jones has failed to state a § 113 claim. The Court therefore recommends dismissing this claim without prejudice.

### C. State-Law Claims and Supplemental Jurisdiction

After dismissing Plaintiff's § 113 claim, what remains are state-law claims based on Minnesota law – that is, medical malpractice, "criminal medical malpractice," and negligence. Standing alone, however, these state-law claims alone cannot give this federal court jurisdiction over Plaintiff's suit. *See, e.g.*, *Parkview Homes, LLC v. City of Lexington*, No. 15-CV-3692 (SRN/BRT), 2017 WL 758573, at *5 (D. Minn. Feb. 27, 2017) ("[A] court may decline to exercise supplemental jurisdiction where it 'has dismissed all claims over which it has original jurisdiction.' . . . 'In the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine will point toward declining to exercise jurisdiction over the remaining state-law claims.'") (quoting 28 U.S.C. § 1367(c)(3); *Wilson v. Miller*, 821 F.3d 963, 970–71 (8th Cir. 2016)). Having recommended dismissal

6

of all claims over which the Court has original jurisdiction, the Court further recommends declining any exercise of supplemental jurisdiction over Plaintiff's remaining state-law claims.

Because this result leads to this action's complete dismissal, the Court further recommends that the IFP Application be denied as moot.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Plaintiff Jeffrey L. Jones's Amended Complaint (Doc. No. 12), be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim with respect to its purported claims under 18 U.S.C. § 113.

2. The Court decline exercising supplemental jurisdiction over the Amended Complaint's remaining state-law claims.

3. The IFP Application be **DENIED** as moot.

Dated: July 21, 2020                    *s/ Becky R. Thorson*
                                         BECKY R. THORSON
                                         United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a

magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).