UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jeffrey Lee Jones,   Civ. No. 20-497 (PAM/BRT)

      Plaintiff,

v.   **ORDER**

Hennepin County Medical Center, Mark
Solfelt, Stephen Nesser, Aaron Andrew
Heigaard Smith, Anne Watkins, United
Hospital, Lee Michael Kamman, and
Louis F. Jacques,

      Defendants.[1]

---

This matter comes before the Court on the Report and Recommendation (R&R) of United States Magistrate Judge Becky R. Thorson dated July 21, 2020. The R&R recommends dismissing Jones' Amended Complaint for failure to state a federal claim and declining to exercise jurisdiction over possible state law claims.

Jones responded first in a filing on July 24, 2020 in which he requests this case and another case he filed, Civ. No. 20-1409 (DWF/ECW), be consolidated together pursuant to Minn. R. Gen. Prac. 113. (Docket No. 20.) Civil lawsuits in federal court are governed by the Federal Rules of Civil Procedure, not Minnesota's rules of practice and procedure.

---

[1] The remaining defendants listed on the docket as a result of Jones' various pleadings—James Leatherman, Minnesota Oncology - St. Paul, Kristen Boomer, Bloomington Police Department, and Minnesota Oncology - St. Paul Surgeons—are not defendants in the operative complaint (Docket No. 12) as explained in the R&R. (Docket No. 19, at 2 n.3.) Jones makes no objection to not including these Defendants, or to the alternative conclusion that his amended complaint is legally frivolous as to each of them. As such, Jones' claims as to these defendants, to the extent any exist in his pleadings, are dismissed.

This Court declines to consolidate Jones' lawsuits. Fed. R. Civ. P. 42(a)(2); see Ent. Bank v. Saettele, 21 F.3d 233, 235 (8th Cir. 1994) (court has broad discretion in consolidating matters).

Jones also submitted several emails to the Court. (Docket Nos. 21, 22.) These emails, in large part, again request that his two active lawsuits be consolidated, but also request that Judge Thorson and Clerk of Court Kate Fogarty recuse themselves due to conflicts of interest. Jones' request that Judge Thorson and Clerk Fogarty recuse is without legal or factual merit and is denied. See 28 U.S.C. § 455 (factors concerning disqualification).

Outside of these two matters discussed, Jones has submitted no substantive or specific challenge to the content of the R&R. Rather, he merely repeats or expands slightly upon factual matters discussed in the complaint. This Court must review de novo any portion of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); D. Minn. L.R. 72.2(b). After conducting the required review and for the following reasons, the Court **ADOPTS** the R&R. (Docket No. 19.)

The R&R thoroughly synthesizes Jones' several filings and creates, to the extent practicable, a coherent detailing of Jones' allegations. Essentially, Jones asserts he had a portion of one of his lungs surgically removed. Jones attributes this to two reasons: (1) a mix-up with another patient also named Jeffrey Lee Jones who was scheduled for lung surgery (Jones simultaneously asserts he was in the burn unit but also scheduled for the same surgery) on the exact same day with the exact same treatment providers; and (2) an intentional harm committed by Jones' doctor as retaliation because that doctor believed

Jones sexually assaulted his own daughters.  Jones has also asserted that this initial "botched surgery" led to a second surgery on his heart, but also to filing of false criminal charges against him.  Jones asserts that the doctors, the police that investigated the crimes, and various state and federal court personnel are all related and conspiring together in these acts.

Jones cites 18 U.S.C. § 113 as basis for his claims.  As the R&R details, this federal statute criminalizes assaults within the special maritime and territorial jurisdiction of the United States.  Because Jones' alleged claims clearly occurred in the State of Minnesota at various medical facilities, they do not fall within the special maritime or territorial jurisdiction of the United States.  See 18 U.S.C. § 7 (definition).  Moreover, as the R&R correctly notes, 18 U.S.C. § 113 does not provide for a private cause of action.  See, e.g., Baylor v. Eto, No. 19-CV-280 (MJD/HB), 2019 WL 2718531, at *4 (D. Minn. Apr. 29, 2019) (Bowbeer, M.J.) (citing Risley v. Hawk, 918 F. Supp. 18, 21 (D.D.C. 1996)), R&R adopted by 2019 WL 2718380 (D. Minn. June 28, 2019) (Davis, J.).  This claim is dismissed with prejudice.

In his emails to the Court, Jones has also cited 18 U.S.C. § 609.  (Docket No. 21.)  That statute criminalizes the use of military authority to influence the vote of a member of the Armed Forces or require a member of the Armed Forces to vote.  This statute is plainly inapplicable to Jones' claims and provides no basis to reject the R&R.  If Jones is referring instead to Minnesota Statute Title 609, that encompasses the entire criminal code of the State of Minnesota and likewise provides no cause of action for a federal civil lawsuit.  This claim is dismissed with prejudice.

Accordingly, **IT IS HEREBY ORDERED that**:

1. The R&R (Docket No. 19) is **ADOPTED**;

2. The request to consolidate (Docket No. 20) is **DENIED**;

3. Plaintiff Jeffrey Lee Jones' Second Amended Complaint (Docket No. 12) is **DISMISSED with prejudice** as to purported federal claims under 18 U.S.C. §§ 113 and 609. The Court declines to exercise supplemental jurisdiction over any remaining state law claims and those claims are therefore **DISMISSED without prejudice**; and

4. Jones' IFP Application (Docket No. 2) is **DENIED AS MOOT**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 7, 2020

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge